**ADVANCED METHODS, INC., Plaintiff-Appellant,**

v.

**GRAIN DEALERS MUTUAL INSURANCE CO., Defendant-Appellee.**

No. 12768.

United States Court of Appeals Seventh Circuit.

Feb. 3, 1960.

Rehearing Denied March 1, 1960.

Edward W. Rothe, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for appellant.

John P. Gorman, Donald N. Clausen, Herbert W. Hirsh, Jerome H. Torshen, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, CASTLE, Circuit Judge, and MERCER, District Judge.

HASTINGS, Chief Judge.

This action was brought by appellant, Advanced Methods, Inc. (Advanced), to recover on a binder or contract of fire insurance issued by appellee, Grain Dealers Mutual Insurance Company (Grain Dealers), to Advanced covering the contents of a certain garage in Harrisburg, Illinois. Advanced seeks recovery for loss by fire which occurred on November 4, 1954. Suit was commenced on October 2, 1956. Grain Dealers denied liability on the grounds of fraud and misrepresentation in Advanced's statement of its loss and on the further ground that the suit was not timely filed since the agreement between the parties required filing suit within one year. By stipulation, the court tried the latter issue first and, after full hearing, entered judgment for Grain Dealers.

Advanced attacks this judgment on three grounds: that Grain Dealers is equitably estopped from asserting that the suit was not timely filed; that Advanced was not put on constructive notice of the twelve month limitation on filing suit; and that the finding of fact that Advanced was negligent, careless and indifferent in failing to file suit was clearly erroneous.

On August 17, 1954, Grain Dealers had entered into a fire insurance contract in the form of a written binder with Irving I. Hudes to insure the contents of the garage in question for $40,000. On August 21, 1954, at Hudes' request, a written binder was issued increasing the amount of insurance to $60,000 which was to remain in effect until October 21, 1954. On September 25, 1954, Hudes requested that the name of the insured as shown in the binder be changed from Irving I. Hudes to Advanced Methods, Inc., as Hudes had incorporated his business, and further that coverage be increased from $60,000 to $75,600. Grain Dealers' agent, Leberman, orally agreed to this request. A

written binder evidencing the last insurance coverage was never delivered to Advanced. Both parties agree that this oral binder incorporates the provisions of the compulsory standard form of fire insurance policy used in Illinois, prescribed by the Director of Insurance in Executive Bulletin No. 397, promulgated on September 15, 1945.

On November 4, 1954, fire destroyed the insured's garage and its contents.

Suit was filed on October 2, 1956, in Circuit Court of Cook County, Illinois; the action was properly removed to the district court by Grain Dealers. The original complaint alleged that the oral binder incorporated the provisions of "the standard fire insurance policy for the State of Illinois," that the property destroyed was covered by that policy, and that Advanced had fulfilled all its obligations under that policy.

Grain Dealers answered that this suit is barred by provision of the Illinois standard fire insurance policy which provides:

"Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless * * * commenced within twelve months next after inception of loss."

The district court dismissed the complaint, stated that the pleading revealed Advanced had not complied with the provisions of the standard policy, and granted Advanced leave to amend its complaint.

An amended complaint was filed omitting all reference to the standard fire insurance policy but alleging that Leberman had promised to deliver a written policy to Advanced and to secure prompt payment of Advanced's claim and that Grain Dealers had refused Advanced's request for a copy of the policy.

Grain Dealers moved to dismiss the amended complaint. After considering the sharply conflicting affidavits of Hudes and Leberman concerning the representations made by the latter, the district court refused to dismiss. It stated:

"The amended complaint * * * asserts a waiver of this time limitation arising out of actions and alleged representations of defendant's agents, which have been denied in exhibits submitted in support of the motion to dismiss. Thus an issue of material fact is presented."

Grain Dealers then answered, again alleging suit was barred because of failure to file within twelve months and charging fraud in the representation of Advanced's loss.

To facilitate trial, the parties by stipulation severed these two issues and without a jury first offered evidence on the defense of limitation and the allegation of waiver. The court found that Grain Dealers and its agents made no misrepresentations to Advanced and was not estopped from asserting the one year limitation in this action and that Advanced, because of its dilatory complaint, was barred from prosecuting this action. Upon these findings, the trial court entered judgment for Grain Dealers.

The following findings of fact, supported by the record, describe the legal representation engaged by Advanced prior to commencement of this suit:

"19. Within several days after the fire [Advanced] engaged Chicago counsel to aid in the prosecution of its claim. Subsequently, and prior to February 2, 1955, [Advanced] engaged counsel in St. Louis, Missouri, and Harrisburg, Illinois. At about this time Chicago counsel withdrew. Subsequently but prior to the commencement of this suit the same Chicago attorneys were again retained.

"20. Letters demanding prompt payment, with the threat of litigation, were mailed by the St. Louis and Harrisburg attorneys to [Grain Dealers] on February 2, 1955, and April 5, 1955.

"21. [Grain Dealers] did not accede to the demands of these letters, nor did [Grain Dealers] enter into any negotiations whatsoever

with [Advanced] or its attorneys relative to [Advanced's] claim subsequent to the receipt of these letters.

"22. [Advanced] throughout the pendency of its claim was continually represented by one or more groups of attorneys."

Delay in filing suit was prompted, it appears, by lack of agreement between counsel as to the form of the complaint and the proper court in which to file suit. Whatever the cause, Advanced retained counsel and had the benefit of their views and representation as the limitation period passed and expired.

The trial court made the following findings as to alleged active misrepresentation of Grain Dealers:

"23. At no time did [Grain Dealers], its agents, servants or employees, promise [Advanced] or its agents, servants or employees, that the alleged loss incurred by [Advanced] would be paid.

"24. At no time did [Grain Dealers], or its agents, servants or employees, advise [Advanced] that it had a period in excess of one year in which to file suit.

"25. At no time did [Grain Dealers], or its agents, servants or employees, advise or request [Advanced] to discharge its attorneys.

"26. At no time did [Advanced] or its attorneys request that [Grain Dealers] or its agents furnish it with a copy of the Illinois standard fire insurance policy.

"27. There is no evidence in the record indicating that [Advanced] was in any way misled by [Grain Dealers], its agents, servants or employees, or that [Grain Dealers], through its agents, servants, or employees, made any misrepresentations whatsoever to [Advanced].

"28. The failure of [Advanced] to file a lawsuit within the one-year period provided in the standard policy of fire insurance was as a result of [Advanced's] own negligence, carelessness or indifference."

■ We hold that these findings are not clearly erroneous; conversely, they find ample support in the record. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A.

■ However, Advanced contends, *aside from any active misrepresentation by Grain Dealers,* that Grain Dealers is equitably estopped from enforcing the limitation because of its course of conduct following the fire. Advanced argues that there is a *positive duty* implied by law on insurance companies to take the initiative in informing the insured of the existence of agreed forfeiture conditions such as a twelve months limitation clause.[1] Failure to fulfill that duty, under Advanced's theory, would preclude the insurer from defending suit on one of the forfeiture conditions.

Under the facts of the instant case, we hold that no such duty exists. Where Advanced retained attorneys who threatened suit, Grain Dealers is not under a duty, *upon its own initiation,* to forward a copy of such agreed forfeiture conditions to the insured. Cf. Trichelle v. Sherman & Ellis, Inc., 1930, 259 Ill.App. 346.

The judgment of the district court is Affirmed.

1. Advanced cites the following cases in support of this "modern" theory of equitable estoppel which exists apart from any active fraud on the part of the insurer: In re Coleman's Depositories, Ltd. and Life and Health Assurance Association, 2 K.B. 798, 805 (1907); Conte v. Yorkshire Ins. Co., 1957, 5 Misc.2d 670, 671–672, 163 N.Y.S.2d 28; McClintock v. Atlas Fire, etc., Pa.Com.Pl.1943, 25 Erie 326; and Chenier v. Insurance Co. of North America, 1913, 72 Wash. 27, 30, 34–36, 129 P. 905, 48 L.R.A.,N.S., 319.