GEORGE KONDOURAJIAN, d/b/a International Jewelers, Plaintiff-Appellee, v. MILLERS NATIONAL INSURANCE COMPANY *et al.*, Defendants (Millers National Insurance Company, Defendant-Appellant).

Third District   No. 3—86—0385

Opinion filed January 27, 1987.

Robert E. Gilmartin and James T. Ferrini, both of Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago, for appellant.

Adrienne W. Albrecht, of Sacks & Albrecht, of Kankakee, and Douglas C. Crone, of Tribler & Marwedel, P.C., of Chicago, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The present cause comes before this court as a permissive appeal filed by defendant Millers National Insurance Company (Millers) pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308) and concerns the interpretation of a disputed provision in an insurance policy. In the underlying action, plaintiff Kondourajian alleged that Millers wrongfully refused payment under the insurance policy and that defendants Wiser and Mest negligently prepared plaintiff's insurance policy forms. The actions against Wiser and Mest remain pending below.

George Kondourajian's business, International Jewelers, was insured under a "Jewelers' Block" insurance policy purchased from Millers on April 30, 1983. The store was burglarized on December 12, 1983. Various items of jewelry were reported stolen and fixtures in the store were damaged. During a deposition, Kondourajian testified that he discovered the loss on December 12, 1983, and that he notified the insurance company of the loss by telephone on the same day. Kondourajian filed a sworn statement of proof of loss with Millers on August 29, 1984. Millers rejected the proof and denied the plaintiff's claim on November 8, 1984. The plaintiff filed suit on June 28, 1985.

Defendant Millers moved for summary judgment, alleging that the plaintiff failed to file suit within 12 months following discovery of the loss as provided for in the policy. The trial court denied Millers' motion, ruling that under the policy, the insured was required only to file suit within one year of the date he filed the proof of loss, so Kondourajian's suit was not barred for lack of timeliness. The trial court denied Millers' motion to reconsider, but certified a question of law pursuant to Supreme Court Rule 308 (87 Ill. 2d R. 308). Millers was granted leave to appeal by this court. The question of law presented is "whether the one-year suit limitation condition contained in the contract should be computed from the date of discovery of the occurrence, with credit for the tolling period, or from the date of filing the proof of loss."

The contract between Millers and Kondourajian contained the following pertinent provisions:

> "13. In the event of loss or damage ***, the Insured shall give immediate notice in writing to the Company *** and the Insured shall within sixty (60) days after a loss (unless such time is extended in writing by the Company) render to the Company a proof of loss signed and sworn to by the Insured, stating the knowledge and belief of the Insured as to the following: The time and cause of the loss or damage; the interest of the Insured and of all others in the property affected, the cash value of each item thereof, and the amount of loss of or damage thereto ***;
>
> * * *
>
> 19. No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim ***."

Reading the two provisions together, it is clear that the in-

sured under this policy had an obligation to notify Millers immediately of the loss and later file a more formal, sworn proof-of-loss statement and that the suit limitation period in the contract is to be computed from the date of the discovery of the loss. Thus, the trial court did not interpret the limitation provision correctly when it denied Millers' summary judgment motion.

The trial court's confusion in interpreting the contract provision appears to have been caused by its application of a tolling provision in the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755.1). That section provides, "Whenever any policy or contract for insurance *** contains a provision limiting the period within which the insured may bring suit, the running of such period is tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part." Applying this provision to the present circumstances, Millers correctly argues that the one-year period of limitation began to run on December 12, 1983, the date the plaintiff discovered the burglary. The period ran for over eight months until Kondourajian filed his proof of loss on August 29, 1984. The tolling provision then took effect, and the limitation period was suspended while Millers investigated the claim. Millers denied the claim on November 8, 1984, and the limitation period began to run again. The 12-month period within which the plaintiff was required to file suit, with credit for the time the tolling statute suspended the running of the clock, expired on February 22, 1985. The plaintiff's suit, which was filed on June 28, 1985, clearly was not initiated within the 12-month period following the loss as required by the terms of the contract.

■ The trial court, based on its incorrect interpretation of the contract provision denied Millers' motion for summary judgment. The plaintiff now concedes that denial of the motion on that basis was erroneous, but argues that denial of summary judgment was nonetheless proper because of the existence of material issues of fact. Millers denies the existence of material facts which might still preclude an order of summary judgment.

From the record, it appears that the trial court denied Millers' motion solely on the basis of its misinterpretation of the contract provision and did not determine whether genuine issues of material fact also existed. In any event, this question was not certified by the trial court in its May 20, 1986, order. Because Supreme Court Rule 308 provides an exception to the general rule that an appeal may follow only final judgments, it should be sparingly exercised; a court allowing such an appeal should not expand on questions properly brought

before it by the trial court. (*State of Illinois ex rel. Skinner v. Lombard Co.* (1982), 106 Ill. App. 3d 307.) Thus, we will not consider the plaintiff's additional arguments regarding the propriety of the denial of Millers' summary judgment motion.

In summation, we determine that the one-year period of limitation in the insurance contract is to be computed from the date of discovery of the occurrence, with credit for the tolling period. The order of the trial court denying defendant Millers' motion for summary judgment is vacated, and this matter is remanded to the circuit court for further proceedings consistent with this opinion.

Vacated and remanded.

SCOTT and STOUDER, JJ., concur.