SHIRLEY KINCAID, Plaintiff-Appellee, v. JERALD W. SMITH, Defendant-Appellant (Ames Department Stores, Inc., d/b/a Zayre Illinois Corporation, *et al.*, Defendants).

First District (5th Division)  No. 1—92—4331

Opinion filed August 20, 1993.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo, Richard J. Rettberg, Christine L. Olson, and Terry M. Lachcik, of counsel), for appellant.

Lonny Ben Ogus, of Chicago, for appellee.

JUSTICE MURRAY delivered the opinion of the court:

After the trial court denied defendant Jerald W. Smith's (Smith's) motion to dismiss the action against him pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)), Smith applied to this court for leave to bring a permissive interlocutory appeal pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308). On December 4, 1992, the trial court certified a question for review and, on January 5, 1993, this court granted Smith leave to appeal. The facts of this case are as follows.

On February 26, 1990, plaintiff Shirley Kincaid (Kincaid) filed a complaint against Smith, Santos Cruz (Cruz) and Zayre Illinois Corporation (Zayre), alleging false arrest and malicious prosecution based upon an incident which occurred April 5, 1989. Subsequently, Kincaid learned that Ames Department Store (Ames) had purchased Zayre just prior to the date of the incident, but that she could not amend her complaint and proceed against Ames because on April 20, 1990, Ames filed a petition for relief under chapter 11 of the United States Bankruptcy Code (the Code) (11 U.S.C. §301 (1988)). On May 25, 1990, both Ames and an attorney representing Zayre notified Kincaid's attorney, Lonny Ben Ogus (Ogus), by letter, that a bank-

ruptcy petition had been filed and that section 362(a) of the Code (11 U.S.C. §362(a) (1988)) provided for an automatic stay of all judicial proceedings, the violation of which could result in civil contempt.

On June 7, 1990, Ogus wrote to Ames, asking whether the automatic stay provided for under section 362(a) of the Code affected his ability to proceed against codefendants Smith and Cruz, who were being sued as employees of Ames. There is no letter of response from Ames. However, in another letter Ogus sent to Ames dated October 2, 1990, Ogus noted that, based upon discussions he had with Ames' legal counsel, he understood Ames' position to be that the claims against Smith and Cruz were so closely related to the claim against Ames that the stay applied to them as well. Apparently, Kincaid accepted this position to be fact and then directed her efforts toward lifting the stay.

In December 1990 Kincaid filed a motion with the United States Bankruptcy Court for the Southern District of New York to have the automatic stay lifted so that she could proceed in her civil suit. On March 28, 1991, the bankruptcy court ordered the stay lifted so that Kincaid could serve Ames with process in the action and preserve her rights. Consequently, on April 2, 1991, Kincaid amended her complaint, replacing Zayre with "Ames Department Store d/b/a Zayre, an Illinois Corporation" as party defendant and served process on Ames.

On February 8, 1991, Kincaid filed a second motion in bankruptcy court requesting a modification of the automatic stay. As a result of this motion the bankruptcy court entered an order on November 25, 1991. In this order the bankruptcy court held that, since Ames was insured under a policy issued by Argonaut Insurance, the automatic stay should be modified to allow Kincaid to liquidate her contingent claim, except that any punitive damage award would not be allowed without further order of the bankruptcy court and that the encumbrance of any of Ames' property was prohibited.

Following this order, Kincaid sent an alias summons and amended complaint to the sheriff's department in Dona Ana County, Las Cruces, New Mexico, to be served on Smith, who apparently had not yet been served in this matter. Smith was then served by a Dona Ana County sheriff on January 4, 1992.

Although it does not appear in the record, Kincaid claims that Smith initially filed an answer to the complaint, *pro se*, denying the charges. In any event, on May 29, 1992, Smith, through counsel, filed a motion to dismiss the action against him pursuant to Illinois Supreme Court Rule 103(b). 134 Ill. 2d R. 103(b).

Subsequently, the trial court denied Smith's motion, stating that it was unpersuaded by any representations Ames may have made to Ogus regarding the effect of the stay on the other defendants, since an attorney may not rely upon the representations of opposing counsel on matters such as this. Nevertheless, the trial court ruled that when Ames filed for bankruptcy under chapter 11, the action against Smith was also stayed. The court based its decision on the fact that Smith was being sued in his capacity as an agent of Ames. In addition, however, the trial court stated that it believed plaintiff exercised due diligence in light of the attempts to obtain service and various communications made.

Smith filed a motion to reconsider on October 13, 1992, which the trial court denied on October 23, 1992. On December 4, 1992, the trial court granted Smith's motion for a finding pursuant to Illinois Supreme Court Rule 308 (134 Ill. 2d R. 308) and certified for review the following question:

> "Whether the filing of a petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code by Ames Department Stores, Inc. operates to stay the false arrest and malicious prosecution action of Shirley Kincaid filed against co-defendant Jerald W. Smith, an employee of Ames at the time of the incident, but a non-debtor who did not file a petition for relief pursuant to the U.S. Bankruptcy Code."

On December 18, 1992, Smith petitioned for leave to appeal to this court pursuant to Rule 308. This court granted leave on January 5, 1993, and both Smith and Kincaid filed briefs.

■ Before considering the appeal, we must first address Smith's motion to strike Kincaid's brief, or parts thereof, for failure to comply with Illinois Supreme Court Rule 341. (134 Ill. 2d R. 341.) This motion was taken with the case and we now deny the motion. Although there are some unsupported elements contained within the brief, this court is capable of disregarding the inappropriate materials. See *Kritzen v. Flender Corp.* (1992), 226 Ill. App. 3d 541, 589 N.E.2d 909.

With regard to the appeal, it is Smith's position that the automatic stay of all judicial proceedings imposed by section 362(a) of the Code and applicable to Ames upon its filing of a petition for bankruptcy under chapter 11 of the Code did not operate to stay the proceedings against him. Additionally, Smith argues that, contrary to the trial court's findings, Kincaid failed to exercise reasonable diligence by failing to serve him with process until after the expiration of the applicable statutes of limitations. Smith concludes that, pursuant to

Rule 103(b), the trial court should have dismissed the complaint against him with prejudice.

Kincaid, on the other hand, urges this court to answer the certified question on review in the affirmative and to uphold the judgment of the trial court. Kincaid asserts that Smith was not a mere codefendant in this case because Smith was an agent of Ames and, consequently, Smith's liability was attributable to Ames. Kincaid argues that under these special circumstances, the stay affected her ability to serve and proceed against Smith. In addition, however, Kincaid argues (1) that even if the stay did not apply to Smith, this court should affirm the judgment based upon the trial court's ruling that due diligence was exercised in obtaining service of process on Smith, (2) that Smith was served before the running of the statute of limitations on the malicious prosecution count, and (3) that leave to appeal pursuant to Rule 308 was improvidently granted and the appeal should be dismissed.

In reply, Smith contends that Kincaid's arguments regarding the application of the stay must fail because there exists a basis for holding him liable independently from Ames.

After reviewing all of the arguments presented in the parties' briefs, we find that we must dismiss the appeal as improvidently granted and remand the case for further proceedings.

Supreme Court Rule 308(a) states as follows:

> "When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. Such a statement may be made at the time of the entry of the order or thereafter on the court's own motion or on the motion of any party. The Appellate Court may thereupon in its discretion allow an appeal from the order." 134 Ill. 2d R. 308(a).

██ Appeals under this rule should be available only in the exceptional case where there are compelling reasons for rendering an early determination of a critical question of law and where a determination of the issue would materially advance the litigation. (*Renshaw v. General Telephone Co.* (1983), 112 Ill. App. 3d 58, 445 N.E.2d 70; *Voss v. Lincoln Mall Management Co.* (1988), 166 Ill. App. 3d 442, 519 N.E.2d 1056.) The rule should be strictly construed and sparingly ex-

ercised. *Schoonover v. American Family Insurance Co.* (1991), 214 Ill. App. 3d 33, 572 N.E.2d 1258.

■ We believe that, in this case, jurisdiction was improperly invoked under Rule 308(a). First of all, although the question certified for consideration by this court contains a written finding that substantial ground exists for a difference of opinion, nowhere does the trial court state that the resolution of the question would materially advance the litigation. Secondly, nothing in this case indicates that the resolution of the certified question, alone, would materially advance the litigation.

The question certified by the trial court pertains only to the effect of the automatic stay imposed as a result of Ames' bankruptcy petition. Yet, a decision on this matter would not change the trial court's ultimate ruling on the Rule 103(b) motion. This is because the trial court not only found that the stay imposed by section 362(a) of the Code applied to Smith, the trial court also held that Kincaid exercised due diligence in serving Smith and declined to dismiss the complaint against him pursuant to Supreme Court Rule 103(b). Therefore, any decision made by this court on the effect of the stay would be rendered meaningless. A meaningless opinion does not materially advance litigation. See *Schoonover v. American Family Insurance Co.*, 214 Ill. App. 3d at 40, quoting *Koch v. Spalding* (1988), 174 Ill. App. 3d 692, 699, 529 N.E.2d 19, 24 (Harrison, P.J., dissenting).

Recognizing that there are actually two issues involved in this case, *i.e.*, the effect of the stay and the effect of the delayed service, both parties, in addition to addressing the certified question on appeal, present alternative arguments for upholding or reversing the trial court's judgment based upon the trial court's discretionary decision regarding due diligence. However, if this court were to consider all of the issues presented in this appeal, it would require this court to go outside the boundaries of the certified question and review decisions which are left to the sound discretion of the trial court.

Appeals under Rule 308 are generally limited to the question certified by the trial court and the appellate court should not review questions which have not been made part of the certified question. (See *Schoonover v. American Family Insurance Group* (1992), 230 Ill. App. 3d 65, 595 N.E.2d 230; *People v. Pollution Control Board* (1984), 129 Ill. App. 3d 958, 473 N.E.2d 452; *Getto v. City of Chicago* (1981), 92 Ill. App. 3d 1045, 416 N.E.2d 1110.) Furthermore, according to the historical and practice notes accompanying Rule 308, matters which are primarily discretionary in nature should not be consid-

ered under the rule. For these reasons, we now decline to consider the appeal in this case.

Accordingly, we dismiss the appeal as improvidently granted.

Dismissed.

GORDON, P.J., and McNULTY, J., concur.