**Richard Hamilton, Plaintiff-Appellant, v. Milo Faulkner, Defendant-Appellee.**

Gen. No. 10,929.

Fourth District.

June 27, 1968.

Rehearing denied August 5, 1968.

Unger & Stewart, of Danville (John Unger, of counsel), for appellant.

Sebat, Swanson & Banks, of Danville (Ralph J. Swanson, of counsel), for appellee.

SMITH, P. J.

This case visits us for the second time. On its first visit (80 Ill App2d 159, 224 NE2d 304), we reversed a judgment entered in favor of the plaintiff for $35,000 for

the reason that that record failed to show a cause of action against the defendant. Promptly upon the filing of our mandate in the trial court, the plaintiff filed a post-trial motion contending that in the original proceedings in the trial court it erred in vacating an order defaulting the defendant for want of appearance and granting leave to appear and answer. The trial court denied the post-trial motion and this appeal follows. We are now asked to exhume the body and reexamine the corpse. Can we do this?

The order vacated by the trial court reads ". . . the said Complaint [sic] is taken against said defendant as confessed and the Defendant [sic] is hereby ordered defaulted." Some three months later, the defendant filed his petition alleging that he had a meritorious defense and that his failure to file an answer or otherwise plead was due to excusable neglect. Plaintiff filed his motion to strike the defendant's motion. Both sides filed affidavits. The trial court denied the motion of the plaintiff to strike, and allowed the motion of the defendant to vacate the default. Answer, jury trial and the first appeal followed. Both parties agree that the order opening the default order is an interlocutory order which is not final and was then not appealable. The plaintiff now contends that since he had no right to appeal from the order then, he had no reason to do so until our reversal in the first appeal. His post-trial motion and his position in this court is that this is his first opportunity to review the order setting aside the original default, that it should be now vacated, a judgment of liability entered and either the original jury verdict reinstated or a new trial by jury on the issue of damages only be ordered.

 This suit was tried on its merits in the trial court, reviewed on its merits in this court and it was here found that the suit was without merit. At this point, the trial court was without authority to reconsider its order

vacating the default for want of appearance. Where, after reviewing a case on its merits, this court reverses the judgment of the trial court or reverses and remands the cause to that court with directions to enter a specific judgment, there is nothing for that court to decide or to determine. Neither the trial court nor the parties have any authority to take any further action in the case except such as is necessary to carry out the mandate of the reviewing court. Morris v. Beatty, 390 Ill 568, 62 NE2d 478. In either event, the judgment of this court is the final disposition of the case on the issues decided in the first appeal, absent a petition for rehearing or a petition for leave to appeal to the Supreme Court.

■■ ■■ Plaintiff says that in so holding we deprive him of a review of the trial court's decision in setting aside the default. He says that he was happy and had everything his heart desired until we spoke on the first appeal. Our reversal, he argues, has the same effect as if the trial court had granted the defendant's post-trial motion for a judgment n. o. v. Thus, he says Ill Rev Stats 1965, c 110, § 68.1(3), is triggered into action. It reads in part as follows:

> ". . . A party against whom judgment is entered pursuant to post-trial motion shall have like time after the entry of the judgment within which to file a post-trial motion."

We express unrestrained dubiety about the application of this section to an alleged error in granting or denying an interlocutory order occurring prior to a full-blown trial on the merits and a review of that trial. The error, if any, was in the record prior to the first review. Generally speaking, ". . . an appeal from a final judgment, decree or order in a cause is not limited to any specific order, but brings up the entire record for review and correction of any erroneous action of the court below which is properly preserved, where necessary to do justice between

the parties." ILP, Appeal and Error, § 651. It is but a truism that an appellee may assert any matters shown by the record to protect his judgment in the trial court. In our view of this matter, the appellant here has not been deprived of a right to have the order reviewed. He merely saw no reason or need to mention it in the first appeal. Having answered appellant's arguments in the first appeal, he might well have asserted that liability was confessed by the defendant in the trial court through default which that court erroneously set aside and that the trial should have been on the issue of damages only. The alleged error now raised could have been then properly raised and considered as an additional argument for affirmance. This being true, it is now difficult to find an abuse of discretion by the trial court in opening a default order in a cause of action which after a full trial and review on the merits has been declared stillborn. "Where the plaintiff has no cause of action and the jury reaches a proper conclusion under the law, it is immaterial whether the court erred in its rulings during the trial. Luly Stores Co. v. Hartman, 235 Ill App 319, 322." Nelson v. Armistead, 327 Ill App 184, 63 NE2d 648, 652. A like philosophy is pursuasive here.

Accordingly, the judgment of the trial court should be and it is hereby affirmed.

Affirmed.

TRAPP and CRAVEN, JJ., concur.