IOLA MARTIN *et al.*, Plaintiffs-Appellees, *v.* PRAIRIE ROD AND GUN CLUB, Defendant-Appellant.

Third District   No. 78-173

Opinion filed November 21, 1978.

Richard Whitman, of Kritzer, Stansell, Critser & Whitman, of Monmouth, for appellant.

James R. Standard, of Standard and Tenold, of Monmouth, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308) from an order of the Circuit Court of Henderson County denying the motion to dismiss of defendant Prairie Rod and Gun Club to "Count III" filed in the circuit court by plaintiff. Counts I and II, the only then existing counts in the complaint on appeal, had been dismissed pursuant to the opinion and mandate of this court in *Martin v. Prairie Rod & Gun Club* (3d Dist. 1976), 39 Ill. App. 3d 33, 348 N.E.2d 306. A brief summary of the underlying facts and previous proceedings is necessary at this time for an adequate consideration of our disposition of this cause on appeal.

On September 29, 1932, Charles and Rena Pence conveyed to Prairie Rod and Gun Club (hereinafter referred to as "Club") their 111-acre farm. A written agreement was executed, at that time, which recited as consideration for the conveyance, the Club's undertaking to pay the indebtedness of Charles and Rena Pence, in the amount of $3,407.94. The deed and the separate agreement were recorded. The agreement also provided that, in further consideration for the deed of the real estate, the Club promised and agreed (1) to lease to Mr. and Mrs. Pence for their lifetime, 70 acres of the land (apparently the farm house and tillable land); (2) to give the Pence couple the first preemptive right to purchase the land if at any time the Club wished to sell; (3) to give the heirs of Mr. and Mrs. Pence the same preemptive right of purchase (the price and conditions and terms of sale would be prescribed by the Club and certain procedures for notification of the heirs were referred to); and (4) to grant to the Pence couple the lifetime privilege of hunting and trapping on the land. Mr. and Mrs. Pence, in addition to their conveyance of the real estate, agreed to act as caretakers of the premises during the lifetimes of the Pences.

The Pences both died prior to 1971. In November of 1971, the Club determined, apparently, to sell the real estate and solicited bids for that purpose. The terms of the bids solicited contained a provision that the bids were to remain open for 60 days to allow for the heirs' preemptive right to purchase, pursuant to the 1932 agreement. Notice, as dictated by the same agreement, was published in a local newspaper.

Two groups of heirs appeared and attempted to exercise the preemptive rights under the agreement. A tender was made by plaintiffs. The Club, however, then abandoned its plan or desire to sell the farm and refused to sell to anyone. The complaint which was filed alleged that shortly thereafter the shareholders of the Club sold their shares in the Club to third parties. An action was instituted on behalf of the heirs for specific performance of the agreement. The trial court granted such heirs summary judgment in favor of the heirs. An appeal from the order of the circuit court granting summary judgment to plaintiffs and from the denial, by the trial court, of the Club's motion to dismiss the complaint, was taken to this court by the Club. *Martin v. Prairie Rod & Gun Club* (3d Dist. 1976), 39 Ill. App. 3d 33, 348 N.E.2d 306.

We determined that the provision creating the preemptive right to purchase in the heirs was void, *ab initio*, as being violative of the rule against perpetuities. We found that the court was in error in entering summary judgment for the plaintiffs and also erred in not granting the Club's motion to dismiss. A petition for rehearing to this court by the plaintiffs was denied. Thereafter, a petition for leave to appeal to the Illinois Supreme Court from the determination of the appellate court was also denied by the supreme court. The mandate of this court was issued in January of 1977. Thereafter, in June 1977, the Circuit Court of Henderson County granted plaintiffs leave to file what was denominated and described as "Count III" of the complaint in this cause. Such count, by its terms, seeks to have the entire transaction between the Pences and the Club rescinded and title to the land, presumably, vested in the heirs through the Illinois intestacy laws.

It is alleged in the document described as "Count III" that the voided provisions of the agreement, creating the preemptive right in the heirs, was a material and integral part of the contract and that the invalidity of that provision renders invalid and void the entire agreement. The Club filed motions to dismiss count III. These motions were denied by the trial court. The appellant-Club then moved for an immediate interlocutory appeal to this court from the denial of its motion to dismiss. The trial court found that the denial of the motion to dismiss involved questions of law as to which there were substantial grounds for differences of opinion and that an immediate appeal could materially advance the litigation. It then certified the following questions pursuant to Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308):

> "(a) Whether the conveyance to the Prairie Rod and Gun Club becomes absolute, because the option (preemptive right) provision is void;
>
> (b) Whether Count III is barred [by] *res judicata* and collateral estoppel; and

(c) Whether Count III fails to state grounds for rescission of the contract under the rule that where all or part of the contract is against public policy a court of law or equity will not set it aside after it has been executed."

We have noted from the record, however, that the procedural posture of this case becomes significant, although no issue as to procedure was specifically raised by the parties. In *Martin v. Prairie Rod & Gun Club* (3d Dist. 1976), 39 Ill. App. 3d 33, 348 N.E.2d 306, we reversed the granting of summary judgment in favor of plaintiffs and we, also, found that the court should have granted the motion to dismiss the complaint of plaintiffs, and erred in failing to do so. (*Martin,* 39 Ill. App. 3d 33, 38.) There was no remandment of this case to the circuit court, and our mandate, which reversed the judgment and action of the trial court, and assessed costs to the plaintiffs, was issued in January of 1977, after leave to appeal had been denied. Subsequent to that time, in June of 1977, plaintiffs were granted leave by the trial court to file an amendment to their original complaint filed in the Circuit Court of Henderson County.

■■ The rule to be applied in the instant case is referred to in *Hamilton v. Faulkner* (4th Dist. 1968), 96 Ill. App. 2d 415, 418, 238 N.E.2d 631, where the court states:

"Where, after reviewing a case on its merits, this court reverses the judgment of the trial court or reverses and remands the cause to that court with directions to enter a specific judgment, there is nothing for that court to decide or to determine. Neither the trial court nor the parties have any authority to take any further action in the case except such as is necessary to carry out the mandate of the reviewing court."

In the instant case, we reversed the judgment of the circuit court without remanding the case, as we have noted. The reversal operated as an involuntary dismissal of the existing counts of the complaint, pursuant to Rule 273 (Ill. Rev. Stat. 1977, ch. 110A, par. 273), and also operates as an adjudication on the merits of the cause as then presented to this court. The complaint was a complaint for specific performance. We determined that it could not be maintained as a matter of law, by reason of the violation of the rule against perpetuities. Accordingly, when the circuit court permitted the filing of the "amendment" to the complaint of the document labeled "Count III" after the issuance of our mandate, it was acting outside the scope of our mandate and beyond the authority of the court in that case. That case was concluded following disposition of the appeal as to the validity of the preemptive right provision and the right to specific performance of the preemptive provision. We determine that orderly procedure requires that the document described as "Count III" be stricken and that the order of the Circuit Court of Henderson County, allowing the filing of such count, be reversed and vacated.

For the reasons stated, therefore, the Circuit Court of Henderson County is directed to vacate the order granting leave to plaintiffs to file the document designated as count III and, also, to order that such count be stricken.

Nothing contained in this opinion is intended as an adjudication of any of the issues raised in count III herein referred to. The issues as presented in the original complaint, upon the filing of our mandate, and the determination of this court on the issue of the validity of the preemptive purchase right and of the complaint for specific performance, are final and conclusive. The supplementary procedures as herein undertaken, following the issuance of the mandate in the original case, were improper and are vacated as herein noted.

Order allowing filing of count vacated and count stricken.

BARRY, P. J., and STOUDER, J., concur.