RUSSELL E. SINCLAIR *et al.*, Plaintiffs-Appellees, v. STATE BANK OF JERSEYVILLE, Defendant-Appellant.

Fourth District    No. 4—90—0468

Opinion filed January 23, 1991.

Joel A. Kunin and Steven M. Wallace, both of Carr, Korein, Tillery, Kunin, Montroy, Glass & Bogard, of East St. Louis, for appellant.

J. Thomas Long and Steven D. Griffin, both of Farrell & Long, P.C., of Edwardsville, for appellee Russell E. Sinclair.

JUSTICE GREEN delivered the opinion of the court:

The appeal before us arises under Supreme Court Rule 308(a), which states:

"When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law

involved. Such a statement may be made at the time of the entry of the order or thereafter on the court's own motion or on motion of any party. The Appellate Court may thereupon in its discretion allow an appeal from the order." 107 Ill. 2d R. 308(a).

The legal questions involved as stated by the circuit court are:

"a. Whether performance of a pre-existing legal obligation as the result of an alleged intentional misrepresentation can constitute legally cognizable damages in an action predicated on fraud?

b. Whether a [p]laintiff can state an action for breach of the obligation of good faith absent allegations of a contractual relationship and without reference to a specific contractual provision under which the [d]efendant failed to perform in good faith?"

We hold (1) performance of a preexisting legal obligation cannot constitute such damage; and (2) plaintiff cannot state such a cause of action without reference to such a specific contractual provision.

On July 9, 1990, plaintiffs Russell E. Sinclair and M. Marguerite Sinclair brought suit in the circuit court of Jersey County against defendant State Bank of Jerseyville in a two-count complaint seeking monetary damages. The complaint contended (1) on March 31, 1983, plaintiffs gave defendant their promissory note for $450,000 secured by two mortgages; (2) after plaintiffs became delinquent on the note, defendant initiated foreclosure proceedings in the county where the mortgaged land was located; (3) then an official of defendant promised plaintiffs defendant would dismiss the foreclosure proceedings if plaintiff paid the interest due on the notes; (4) that "representation was false at the time it was made and was known to be false" by defendant and its agents and board of directors and was made for the purpose of inducing plaintiffs to rely on it and "to pay large sums of money to defendant"; (5) in reliance thereon, plaintiff paid $46,870.61 (no statement was made concerning the amount due on the loans); and (6) defendant then foreclosed shortly after plaintiffs had filed a chapter 11 bankruptcy proceeding (11 U.S.C. §1101 et seq. (1988)).

Count I of the complaint was based upon the tort of fraud and deceit. Count II was founded upon a theory that defendant had breached a duty of good faith. No direct reference was made as to what, if any, contract defendant's duty of good faith arose from. On November 9, 1989, defendant moved to dismiss the complaint on the basis it failed to state a cause of action. After hearing arguments, the circuit court entered an order on March 6, 1990, denying the motion,

and on July 9, 1990, that court made findings pursuant to Supreme Court Rule 308(a) making the order denying dismissal subject to discretionary interlocutory appeal to this court. The questions of law as to which substantial grounds for difference of opinion were stated to exist were those described in the second paragraph of this opinion. We granted defendant's petition for leave to appeal. We now reverse.

■■ ■ In regard to plaintiffs' allegations of fraud and deceit contained in count I of the complaint, no Illinois cases are directly on point. However, an examination of secondary authorities indicates that, generally, where as a result of a misrepresentation one is induced to perform a preexisting legal obligation, there can be no injury compensable by law. Here, at the time of the alleged misrepresentation, plaintiff had a legal obligation to pay defendant the amount of interest due on the promissory note; therefore, he could not have suffered a detriment by paying an amount of interest that he was already required to pay, regardless of any misrepresentation.

On the subject of damages, Prosser and Keeton on Torts states:

> "Since the modern action of deceit is a descendant of the older action on the case, it carries over the requirement that the plaintiff must have suffered substantial damage before the cause of action can arise. Nominal damages are not awarded in deceit, and there can be no recovery if the plaintiff is none the worse off for the misrepresentation, however flagrant it may have been, as where for example he receives all the value that he has been promised and has paid for, *or is induced to do only what his legal duty would require him to do in any event.*" (Emphasis added.) (W. Keeton, Prosser & Keeton on Torts §110, at 765 (5th ed. 1984).)

The defendant cites the following decisions of other jurisdictions that have held that an action for fraud cannot be based on an alleged misrepresentation that induced one to perform a preexisting legal obligation: *Shortridge v. Platis* (Ind. Ct. App. 1984), 458 N.E.2d 301; *Bridgers v. Investors America, Inc.* (1980), 154 Ga. App. 206, 267 S.E.2d 801.

The Indiana Court of Appeals in *Shortridge*, affirmed that trial court's order granting summary judgment in favor of those defendants. There, that plaintiff complained she was induced by fraud to transfer stock in accordance with the terms of an existing legally enforceable contract. In finding that the plaintiff did not state a cause of action for fraud, the court of appeals stated "[t]here can be no recovery in fraud for a deception by which a person is induced to do something which he is already bound to do." (*Shortridge*, 458 N.E.2d

at 304.) The court of appeals found that, even assuming the truth of that plaintiff's allegations, she had not sustained any compensable injury.

Likewise, in *Bridgers*, the court of appeals of Georgia reversed judgment on jury verdicts which, in part, awarded that defendant damages based on a counterclaim for fraud. There, the court of appeals held that false representations made subsequent to the execution of a real estate contract were not actionable. The court stated:

> "Generally, a party may recover for fraud where he has sustained some pecuniary damage or injury whereby he is put in a position worse than he would have occupied had there been no fraud. *However, fraud inducing a party to perform his legal obligations, such as the performance of a binding contract, is nonactionable as not causing damage.*" (Emphasis added.) *Bridgers*, 154 Ga. App. at 208, 267 S.E.2d at 803.

American Jurisprudence 2d on Fraud and Deceit states the following:

> "It is said to be immaterial that one is induced by false representations to do what he is bound to do. A person who has been induced to do that which the law would have otherwise required him to do cannot claim to have been defrauded. In other words, one suffers no damage where he is fraudulently induced to do something which he is under legal obligation to do, such as pay a just debt, pay delinquent taxes he has agreed to assume, execute a deed which he has contracted to execute, assume individual liability for a debt due from a solvent decedent's estate, of which he who assumes the debt is sole legatee, or perform a valid contract. The fact that, to the indorsee's knowledge, a note is obtained from the payee by false representations, is no defense to an action by the indorsee against the maker, since the maker is called upon to pay only what he has undertaken to pay, and payment to the plaintiff will be a good discharge. The contrary is true, however, where one is induced to perform a contract which he has the legal right to rescind, and suffers loss thereby." (37 Am. Jur. 2d *Fraud and Deceit* §295, at 392-93 (1968).)

Here, the trial court recognized that plaintiffs had a preexisting legal duty to pay defendant the amount of interest due on the note, regardless of the alleged misrepresentation. However, the court found that under the circumstances, it was no "benefit" for plaintiffs to pay defendant the amount due on the note at the time of the foreclosure. The court then concluded plaintiffs were damaged by the alleged mis-

representation because they were deprived of the use of that money for other purposes.

■ The cited authority does not indicate the rule—deeming a party is not damaged by performing an act which that party is required to perform—is inapplicable when that party might gain by non-performance. In *Shortridge*, the plaintiff would, undoubtedly, have received some benefit from retaining her corporate stock. In *Bridgers*, the plaintiffs were also required to make monetary payment.

Plaintiffs rely, in part, upon *Alaska Statebank v. Fairco* (Alaska 1983), 674 P.2d 288. There, a merchant debtor was delinquent on a loan from a bank. The trial court found that conversations between the parties had affected a modification of the loan agreement thus misleading the merchant debtor into believing the loan was not in default. The Alaska Supreme Court upheld a judgment in favor of the debtor and against the bank for compensatory and punitive damages because of the injury to the debtor merchant when the bank took possession of collateral consisting of personal property pledged to secure the loan. Notably, there the alleged extension agreement involved an increase in the interest rate of the loan and, thus, involved further consideration being given by the debtor.

■ Next, plaintiffs claim defendant breached a duty of good faith. It is clear that in Illinois there is an implied covenant of fair dealing and good faith in every contract. (*Washburn v. Union National Bank & Trust Co.* (1986), 151 Ill. App. 3d 21, 27, 502 N.E.2d 739, 743.) "Good faith between contracting parties requires the party vested with contractual discretion to exercise it reasonably, and he may not do so arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties." *Carrico v. Delp* (1986), 141 Ill. App. 3d 684, 690, 490 N.E.2d 972, 976.

■ The problem with plaintiffs' complaint is that it fails to plead the existence of a contract which defendant was performing at the time of the alleged misdeeds. The plaintiffs merely claimed that defendant had a duty of good faith in its "business dealings." Plaintiffs have not cited any cases that would establish a duty of good faith upon a defendant when that defendant was not under a contractual obligation of performance.

■ Aside from the insufficient pleadings, plaintiffs would have difficulty establishing that a contract was formed when defendant allegedly promised to forbear from proceeding on the foreclosure if plaintiffs paid the interest due on the note. Plaintiffs gave no consideration for the promise as "[a] promise to do that which one is already legally obligated to do is no consideration and does not create a

new obligation." *Trisko v. Vignola Furniture Co.* (1973), 12 Ill. App. 3d 1030, 1035, 299 N.E.2d 421, 425.

Accordingly, in the absence of an allegation of a contractual relationship, plaintiffs failed to state a cause of action for breach of duty of good faith.

Accordingly, for the foregoing reasons we reverse the circuit court's denial of defendant's motion to dismiss.

Reversed.

STEIGMANN and KNECHT, JJ., concur.