RUSSELL E. SINCLAIR, Plaintiff-Appellant, v. STATE BANK OF JERSEYVILLE, Defendant-Appellee.

Fourth District   No. 4—91—0575

Opinion filed March 5, 1992.

J. Thomas Long and Steven D. Griffin, both of Farrell & Long, P.C., of Edwardsville, for appellant.

Joel A. Kunin and Steven M. Wallace, both of Carr, Korein, Tillery, Kunin, Montroy, Glass & Bogard, of East St. Louis, for appellee.

JUSTICE LUND delivered the opinion of the court:

Plaintiff Russell Sinclair filed a two-count complaint against defendant State Bank of Jerseyville. Defendant moved to dismiss the complaint, alleging failure to state a cause of action (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), and the circuit court of Jersey County denied the motion. Plaintiff was unsuccessful in opposing defendant's application to appeal under Supreme Court Rule 308 (134 Ill. 2d R. 308). In *Sinclair v. State Bank* (1991), 207 Ill. App. 3d 430, 566 N.E.2d 44 (*Sinclair I*), *appeal denied* (1991), 139 Ill. 2d 605, our court reversed the trial court's ruling on the motion to dismiss, but did not remand. Plaintiff's petition for leave to appeal to our supreme court was denied. While the petition for leave to appeal was pending, plaintiff returned to the circuit court and filed a motion to amend, seeking to add a contract count. The trial court held that it was without authority to proceed further and denied plaintiff's motion. Plaintiff appeals, contending the appellate court ruling on the Rule 308 appeal did not foreclose further proceedings on the trial level.

We initially observe that section 2—615(d) of the Code of Civil Procedure (Code) provides: "After rulings on motions, the court may enter appropriate orders either to permit or require pleading over or amending or to terminate the litigation in whole or in part." (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(d).) We are aware plaintiffs generally are granted at least one opportunity to amend their pleadings. Thus, if defendant had initially been successful with its section 2—615 motion to dismiss, plaintiff most likely would have been allowed to file an amendment to the complaint.

*Procedural Background*

On August 1, 1989, plaintiff and his wife (who was voluntarily dismissed from the case prior to this appeal) filed a two-count complaint against defendant State Bank of Jerseyville. Count I alleged fraud in connection with a previous loan transaction between plaintiff and defendant. Count II alleged a breach of defendant's duty of good faith in its business dealings with plaintiff. Plaintiff and his wife had obtained a $450,000 loan from defendant in March 1983. As collateral for this loan, plaintiff and his wife granted mortgages to defendant on certain tracts of real estate in Jersey County, Illinois, and in Grundy County, Missouri. Plaintiff, individually, had also obtained a loan from defendant in 1981. That loan came due in December 1983. The larger loan came due in January 1984. Neither loan was paid when due, and defendant commenced foreclosure proceedings in both counties.

Plaintiff alleged in his complaint that he and defendant had agreed he would pay the interest due on the loans through January 31, 1984, and defendant would then dismiss the foreclosure actions and extend plaintiff's notes. Plaintiff further alleged that he had paid the interest due in the amount of $46,870.61. Defendant, however, continued to pursue its foreclosure proceedings to a partial summary judgment in Grundy County, Missouri, and to a foreclosure decree and sale in Jersey County, Illinois. Plaintiff further alleged he was forced into chapter 11 bankruptcy proceedings because of defendant's actions in continuing with the foreclosures.

Defendant's motion to dismiss plaintiff's complaint, alleging a failure to state a cause of action (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), was then filed and denied. The questions identified by the trial court for review in the Rule 308 appeal were as follows: (1) whether performance of a preexisting legal obligation as the result of an alleged intentional misrepresentation can constitute legally cognizable damages in an action predicated on fraud; and (2) whether plaintiff can state an action for breach of the obligation of good faith absent allegations of a contractual relationship and without reference to a specific contractual provision under which the defendant failed to perform in good faith.

This court answered both questions in the negative and reversed the trial court's order denying defendant's motion, as we have stated, with no remand to the trial court. Toward the end of the opinion, the following comment was made:

"Aside from the insufficient pleadings, plaintiffs would have difficulty establishing that a contract was formed when defend-

ant allegedly promised to forbear from proceeding on the foreclosure if plaintiffs paid the interest due on the note. Plaintiffs gave no consideration for the promise as '[a] promise to do that which one is already legally obligated to do is no consideration and does not create a new obligation.' [Citation.]" *Sinclair*, 207 Ill. App. 3d at 435-36, 566 N.E.2d at 47.

We note that the pleadings at the time of the decision which led to the Rule 308 appeal did not contain a contract count. After the reversal in *Sinclair I*, plaintiff filed his motions to amend, seeking to state a count III. This count alleged defendant had breached a contract with plaintiff to dismiss the foreclosure actions in return for his payment of the interest due on his notes. Defendant filed an objection to these motions, alleging that this court's reversal, without remand, in *Sinclair I* constituted an adjudication on the merits and left the trial court without power to take any further action in the case. In response, plaintiff alleged the reversal was not with prejudice and that section 2–616(a) of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2–616(a)) allows the trial court to permit amendment of pleadings at any time prior to final judgment. After a hearing on these motions and defendant's objection, and after receiving the mandate in *Sinclair I*, the trial court denied plaintiff's motions. Stating it was without authority to proceed further, the trial court ordered the cause stricken.

■ Defendant contends the above-quoted language from the *Sinclair I* opinion indicates the issue of whether plaintiff can state a cause of action for breach of contract has already been decided by this court. We need not decide this question. In *Schoonover v. American Family Insurance Co.* (1991), 214 Ill. App. 3d 33, 40-41, 572 N.E.2d 1258, 1262, our court held that in deciding the Rule 308 appeal in that case, it was not limited in scope to the identifying question. *Schoonover* held that in determining the propriety of the summary judgment *order*, all issues *properly raised* at the trial level could be considered. (*Schoonover*, 214 Ill. App. 3d at 41, 572 N.E.2d at 1262-63.) The *Schoonover* court stated:

"In reviewing an order for summary judgment, this court must consider all of the facts revealed in the record and all of the grounds alleged by the parties in order to determine whether a genuine issue as to a material fact does still exist." *Schoonover*, 214 Ill. App. 3d at 41, 572 N.E.2d at 1262-63.

In our present case, no motion for summary judgment was involved, the only *order* being one ruling on two specific counts. Those two counts did not include contract allegations, so no legal questions

relating to the contract issue were presented to or ruled upon by the trial court. The record on appeal would not relate, and there was no reason to argue, the contract issue in the *Sinclair I* appellate briefs. We conclude the *Schoonover* decision fails to provide authority to the *Sinclair I* appellate court for ruling on the then nonexistent contract issue. *Schoonover* also does not justify depriving plaintiff of the right to request amendment of his pleadings.

Defendant cites *Martin v. Prairie Rod & Gun Club* (1978), 65 Ill. App. 3d 952, 382 N.E.2d 1295 (*Martin II*), for the proposition that when an appellate court reverses a plaintiff's summary judgment and also reverses the trial court's ruling denying defendant's motion to dismiss the plaintiff's complaint for failure to state a cause of action and does not *remand*, plaintiff can no longer amend pleadings on the trial level. *Martin II* arose out of *Martin v. Prairie Rod & Gun Club* (1976), 39 Ill. App. 3d 33, 348 N.E.2d 306 (*Martin I*).

We first emphasize that the appeal in *Martin I* was from a final order, as contrasted with the Rule 308 appeal in *Sinclair I*. We also emphasize that the subject of the cause of action in *Martin I* was an option to repurchase real estate, which option was held to be in violation of the rule against perpetuities. Thus, the very subject matter of the law suit was in violation of the rule. After the appellate court decision in *Martin I*, no further theory of recovery could be pursued relating to the violating option.

*Martin II* arose because the plaintiff in *Martin I* was successful on the trial level in filing an amended count after the *Martin I* appellate opinion. *Martin II* was a Rule 308 appeal from the trial court's ruling allowing the amendment. The appellate court in *Martin II* stated:

> "The rule to be applied in the instant case is referred to in *Hamilton v. Faulkner* (4th Dist. 1968), 96 Ill. App. 2d 415, 418, 238 N.E.2d 631, where the court states:
>
>> 'Where, after reviewing a case on its merits, this court reverses the judgment of the trial court or reverses and remands the cause to that court with directions to enter a specific judgment, there is nothing for that court to decide or to determine. Neither the trial court nor the parties have any authority to take any further action in the case except such as is necessary to carry out the mandate of the reviewing court.'
>
> In the instant case, we reversed the judgment of the circuit court without remanding the case, as we have noted. The reversal operated as an involuntary dismissal of the existing

counts of the complaint, pursuant to Rule 273 (Ill. Rev. Stat. 1977, ch. 110A, par. 273), and also operates as an adjudication on the merits of the cause as then presented to this court. The complaint was a complaint for specific performance. We determined that it could not be maintained as a matter of law, by reason of the violation of the rule against perpetuities. Accordingly, when the circuit court permitted the filing of the 'amendment' to the complaint of the document labeled 'Count III' after the issuance of our mandate, it was acting outside the scope of our mandate and beyond the authority of the court in that case. That case was concluded following disposition of the appeal as to the validity of the preemptive right provision and the right to specific performance of the preemptive provision. We determine that orderly procedure requires that the document described as 'Count III' be stricken and that the order of the Circuit Court of Henderson County, allowing the filing of such count, be reversed and vacated." *Martin*, 65 Ill. App. 3d at 955, 382 N.E.2d at 1297.

The original appeal in *Hamilton v. Faulkner* (1967), 80 Ill. App. 2d 159, 224 N.E.2d 304, was from judgment after trial on the merits of the case. When the case again came before the appellate court in *Hamilton v. Faulkner* (1968), 96 Ill. App. 2d 415, 238 N.E.2d 631, the court cited *Morris v. Beatty* (1945), 390 Ill. 568, 62 N.E.2d 478, as authority for the reasoning quoted in *Martin II*. *Morris* was basically concerned with whether an appellate opinion was ripe for review by the supreme court. *Morris* sets forth the evolution of the holding that an appellate opinion which reversed and remanded generally was not appealable, and an opinion which reversed and remanded with specific instructions limited the trial court's authority. (*Morris*, 390 Ill. at 572, 62 N.E.2d at 480.) *Morris* obviously preceded the Illinois Constitution of 1970 and did not relate to the issue presented by the present case.

■ In summary, it appears that the appellate responsibility in Rule 308 appeals is to answer the questions properly raised below concerning the order which is on appeal. Going beyond the record on appeal obviously deprives the parties of the right to adequately present their case. The failure to remand may prohibit further trial court proceedings where, as in *Martin I*, the appellate court has ruled no cause of action can exist. Generally, however, when the appellate decision only involves specific pleadings which were not dismissed on the trial level, and does not decide the merits of the case, the reversal without remand should not prohibit a subsequent motion to amend pleadings. Cases before this court have involved complaints that have

been amended four or five times. While we might doubt the wisdom of allowing so many amendments, we do find it incongruent to say plaintiff may lose the right to amend because a defendant is first successful in obtaining a Rule 308 appeal on a pleading issue and then further benefits from an appellate opinion reversing the trial court and not remanding. Plaintiff here should not be denied the opportunity to amend his complaint merely because the invalidity of his legal theories was determined first in the reviewing court, rather than at the trial level. We conclude that Rule 308 appeals should not deprive the parties of the amendment process unless the Rule 308 appellate opinion necessarily forecloses all theories of recovery.

Reversed and remanded.

KNECHT and COOK, JJ., concur.