JOHN SCHOONOVER, Plaintiff-Appellant, v. AMERICAN FAMILY IN-
SURANCE GROUP, Defendant-Appellee.

Fourth District   No. 4—91—0900

Opinion filed June 18, 1992.

R. John Alvarez, of Grosboll, Becker, Tice, Alvarez & Smith, of Peters-
burg, for appellant.

Karen L. Kendall, Bradley S. McMillan, Duncan B. Cooper III, and
David A. Perkins, all of Heyl, Royster, Voelker & Allen, of Peoria, for ap-
pellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

This case is the latest of a series of decisions of this court concerning the operation of Supreme Court Rule 308(a), which states:

> "When the trial court, in making an interlocutory order not otherwise appealable, finds that the order involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, the court shall so state in writing, identifying the question of law involved. Such a statement may be made at the time of the entry of the order or thereafter on the court's own motion or on motion of any party. The Appellate Court may thereupon in its discretion allow an appeal from the order." 134 Ill. 2d R. 308(a).

The procedures giving rise to the instant appeal began on April 4, 1989, when plaintiff John Schoonover filed a complaint in the circuit court of Morgan County against defendant American Family Insurance Company to recover, pursuant to a homeowner's insurance policy issued by defendant, for fire damage to a house owned by him. On October 5, 1990, that court denied a second defense motion for summary judgment based upon the theory that the suit was tardily filed under the terms of the policy. That order of dismissal contained the findings required under Supreme Court Rule 308(a) for us to grant leave to appeal the order and we granted leave to appeal. We reversed the order denying summary judgment and remanded to the circuit court with directions to grant a summary judgment in favor of the defendant. *Schoonover v. American Family Insurance Co.* (1991), 214 Ill. App. 3d 33, 572 N.E.2d 1258, *appeal denied* (1991), 141 Ill. 2d 560, 580 N.E.2d 134.

After plaintiff filed his complaint in *Schoonover*, defendant was served with summons on April 11, 1989. Then, as now, Supreme Court Rules 101(d) and 181(a) (134 Ill. 2d Rules 101(d), 181(a)) required defendants in cases of the nature involved here to appear within 30 days of summons. However, defendant made no appearance until June 1, 1989, when it filed a motion for additional time until June 1, 1989, and to be excused from filing a verified pleading. On June 8, 1989, plaintiff responded by objecting to the extension and requesting a default because of defendant's tardiness in appearing. On June 9, 1989, the circuit court denied plaintiff's motion for default and granted defendant's motion for an extension of time.

On remand, after our decision in *Schoonover*, the circuit court entered a summary judgment in favor of defendant as directed by the mandate of this court. On December 5, 1991, plaintiff filed the instant notice of appeal as to that judgment. He now contends that the summary judgment entered pursuant to the mandate was erroneous because the circuit court erred in denying his motion for a default judgment against defendant. Defendant maintains that the decision of the court directing entry of summary judgment is *res judicata* and law of the case as to the propriety of the summary judgment and, in any event, the circuit court acted within its discretion in denying the motion for a default judgment.

Under the holding in *Relph v. Board of Education of DePue Unit School District No. 103* (1981), 84 Ill. 2d 436, 420 N.E.2d 147, the theory of *res judicata* is not available to defendant. In *Relph*, in separate counties, teachers discharged by school districts in reduction of forces because of economic conditions sought writs of *mandamus* to require their rehiring. Circuit courts entered summary judgments for the respondents. On appeal the circuit courts were directed to enter summary judgments for the teachers. (*Hagopian v. Board of Education of Tampico Community Unit School District No. 4* (1978), 56 Ill. App. 3d 940, 372 N.E.2d 990; *Relph v. Board of Education of DePue Unit School District No. 103* (1977), 51 Ill. App. 3d 1036, 366 N.E.2d 1125.) Subsequent to the remands, the supreme court decided *Lenard v. Board of Education of Fairfield School District No. 112* (1979), 74 Ill. 2d 260, 384 N.E.2d 1321, which placed a new interpretation upon the law involved.

On remand from the *Hagopian* and *Relph* appellate decisions, the circuit courts took the position that the appellate court decisions were *res judicata* and no consideration could be given to the *Lenard* opinion. Appellate courts agreed (*Hagopian v. Board of Education of Tampico Community Unit School District No. 4* (1980), 83 Ill. App. 3d 1097, 404 N.E.2d 899; *Relph v. Board of Education of the DePue Unit School District No. 103* (1980), 83 Ill. App. 3d 1139, 404 N.E.2d 922). On consolidated appeals to the supreme court, that court held that the appellate court judgments which remanded the case, although directing entry of judgments, did not have a *res judicata* effect. The court explained:

> "The judgments of the appellate court were not final judgments in the sense that they did not terminate the litigation but remanded the cases to the trial courts with directions that judgments be entered, which judgments, in turn, would be appealable to the appellate court under our constitution. The ap-

pellate court's decisions, in turn, would then be subject to review by this court through petitions for leave to appeal. (73 Ill. 2d R. 315(a).) Since the judgments in these cases were still subject to the appellate process, they were not to be given *res judicata* effect. The most that can be said of the appellate court's mandate in each case is that it established the law of the case." *Relph*, 84 Ill. 2d at 442-43, 420 N.E.2d at 150.

■■ The doctrine of the law of the case was explained by this court in *Lubbers v. Norfolk & Western Ry. Co.* (1986), 147 Ill. App. 3d 501, 511, 498 N.E.2d 357, 365, as "[w]here, in a prior appeal, questions of law are presented and determined, such become the law of the case and are generally binding and will control in a subsequent appeal unless the facts presented in the subsequent proceedings are so substantially different as to require a different interpretation." (See also *Bisco v. Liberty Mutual Insurance Co.* (1990), 204 Ill. App. 3d 19, 561 N.E.2d 1289, *appeal denied* (1991), 136 Ill. 2d 541, 567 N.E.2d 329.) The foregoing rule was further qualified by the supreme court to indicate that it is applicable only to a subsequent appeal to the appellate court and not the supreme court even though it denied leave to appeal in the first case and is not applicable if a change in the interpretation of the law has occurred between the appeals. *Relph*, 84 Ill. 2d at 443, 420 N.E.2d at 150.

The law of the case rule in regard to a case decided in the first appeal pursuant to Supreme Court Rule 308 presents tricky procedural questions. Was the question of the propriety of the trial court's denial of plaintiff's motion for a default decided in *Schoonover* when we ordered the circuit court to enter a summary judgment for defendant? Should plaintiff have cited that claim of error on review in *Schoonover* in support of his theory that summary judgment for defendant should not have been allowed? Should and could plaintiff have cross-appealed the denial of the motion for default in *Schoonover*?

The questions are complicated by a feature of the *Schoonover* decision which we have not yet discussed. We held there that the provision of Supreme Court Rule 308(a) requiring the circuit court to identify "the question of law involved" does not limit the issues which can be raised in support of the appeal. Rather, the order appealed can be attacked by any point raised in the circuit court. This court had not spoken directly to this question before but several decisions of the other districts of the appellate court had held that the scope of review was limited to the identifying questions (*i.e., Koch v. Spalding* (1988), 174 Ill. App. 3d 692, 529 N.E.2d 19; *Getto v. City of Chicago* (1981),

92 Ill. App. 3d 1045, 416 N.E.2d 1110). We agreed with the dissent of Justice Harrison in *Koch* and the opinion in *In re Oil Spill by Amoco Cadiz* (7th Cir. 1981), 659 F.2d 789, the latter of which gave a construction of a Federal statute (28 U.S.C. §1292(b) (1988)), from which Supreme Court Rule 308 was derived, similar to that of Justice Harrison's dissent.

The procedural problem confronting plaintiff here is not entirely a product of our interpretation of Supreme Court Rule 308(a) in *Schoonover* because a similar problem would have existed if the summary judgment had been ordered based entirely upon one of the identifying questions. He still would have the problem of preserving the question of the ruling on the motion to default. However, under an interpretation that in a Supreme Court Rule 308 appeal the issues can go beyond the identifying questions to fully decide the propriety of the order appealed, plaintiff would have been more likely to take every step to preserve the question concerning the denial of the default.

The instant case is not our first encounter with problems arising in the circuit court after reversals of interlocutory orders in appeals granted under Supreme Court Rule 308. In *Sinclair v. State Bank* (1991), 207 Ill. App. 3d 430, 566 N.E.2d 44, *appeal denied* (1991), 139 Ill. 2d 605, 575 N.E.2d 924 (*Sinclair I*), this court accepted a Supreme Court Rule 308 appeal from an order of the circuit court denying a motion to dismiss the complaint. The circuit court order identified two questions of law as being involved. This court held that the circuit court had erroneously ruled as to both questions and reversed without remandment. Unlike in *Schoonover*, we based our decision upon the identified questions. However, the effect of our decision was to dismiss the complaint for failure to state a cause of action without the plaintiff having the opportunity to amend which would have existed if the complaint had been dismissed by the circuit court.

While leave to appeal to the supreme court was pending in *Sinclair I*, that plaintiff filed a motion in the circuit court seeking to file an additional count on a different theory. The circuit court, noting no remandment had been ordered, denied the motion and the plaintiff appealed. This court noted that had the dismissal of the complaint occurred in the circuit court, section 2—615(d) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—615(d)) would have given the plaintiff an opportunity to seek to file an amended complaint. Recognizing that we should have ordered remandment for that purpose in *Sinclair I*, this court concluded that under the peculiar circumstances of that case, fairness required that the plaintiff be permit-

ted to have an opportunity to present a proposed amendment. This court then reversed and remanded for that purpose. *Sinclair v. State Bank* (1992), 226 Ill. App. 3d 909 (*Sinclair II*); see also *Healy v. Vaupel* (1990), 133 Ill. 2d 295, 317, 549 N.E.2d 1240, 1251.

By analogy to the manner in which this court dealt in *Sinclair II* with the problems arising from *Sinclair I*, we elect to consider first the question of whether the circuit court's denial of plaintiff's motion for a default judgment was error. Defendant's appearance and request for additional time to plead was tardy by slightly more than 30 days. Plaintiff maintains that because defendant was in a business where it was inherently subject to frequent litigation, had business sophistication, and had access to capable counsel, defendant had no excuse for its tardiness.

In contending the circuit court abused its discretion in denying plaintiff's request to default defendant, plaintiff relies upon *Graf's Beverages of Illinois, Inc. v. Tauber* (1977), 50 Ill. App. 3d 1047, 366 N.E.2d 150, and *Piekarczyk v. Gibas* (1951), 342 Ill. App. 510, 97 N.E.2d 129 (abstract of decision). In *Graf's*, the defendant appealed from an order refusing to vacate a default judgment. There, unlike here, the defendant had been defaulted for failure to timely plead and the appellate court was upholding rather than setting aside, as plaintiff would have us do, the discretion of the circuit court. The opinion in *Piekarczyk* was published only in abstract, which plaintiff has not appended to his brief. Ill. Rev. Stat. 1991, ch. 110A, par. 908.

■ Section 2—1301(e) of the Code provided, in part, that even after a default judgment has been entered, "[t]he court may in its discretion, before final order or judgment, set aside any default." (Ill. Rev. Stat. 1991, ch. 110, par. 2—1301(e).) Here, no default had been entered but the court's discretion to deny a default must be at least as great as the discretion as to whether to set aside a default. (See *Freeborn & Peters v. Professional Seminars Associates, Inc.* (1988), 176 Ill. App. 3d 714, 718-19, 531 N.E.2d 806, 809.) The reason why the court has considerable discretion is because of the drastic nature of a default. *Wollschlager v. Sundstrand Corp.* (1986), 143 Ill. App. 3d 347, 349, 493 N.E.2d 107, 109; *Widicus v. Southwestern Electric Cooperative, Inc.* (1960), 26 Ill. App. 2d 102, 109, 167 N.E.2d 799, 803.

In *Havana National Bank v. Satorius-Curry, Inc.* (1988), 167 Ill. App. 3d 562, 565, 521 N.E.2d 645, 647, this court explained that the issue as to whether a defendant should be defaulted depends upon whether justice is being granted and that this depends upon (1) the diligence or lack of diligence by the defaultee, (2) the existence of a meritorious defense, and (3) the relative hardships on the parties aris-

ing from a default or a refusal of the court to default. In *Wilkin Insulation Co. v. Holtz* (1989), 186 Ill. App. 3d 151, 155-56, 542 N.E.2d 157, 160, the court affirmed a default judgment where the defendant had caused numerous delays and disregarded trial court orders but stated that a reviewing court should not interfere with a trial court's discretion in ruling in regard to a default.

■ The circuit court does not have unlimited discretion in rulings in regard to defaulting a defendant. (*Graf's*, 50 Ill. App. 3d at 1051, 366 N.E.2d at 153.) However, here the plaintiff did not move for a default until defendant had appeared and no showing was made that plaintiff suffered any substantial prejudice by the delay in excess of 30 days. The decision in *Schoonover* indicates the defendant did have a viable defense. On the record presented, which includes no transcript of the hearing on the motion for default, we do not determine the circuit court abused its discretion in denying that motion.

Plaintiff maintains that fundamental unfairness to him results from an inconsistence between the strict standard which we applied to the requirements of the policy in regard to his making a claim against defendant within one year of his loss and the standard which permitted defendant to tardily contest plaintiff's complaint. However, the purpose of the one-year limitation of the policy was because investigation by the insurer of the validity of the claim would be hampered by further delay. Plaintiff was not hampered in this manner because of defendant's tardiness in making an appearance. Moreover, the policy makes no provision for a court's discretion in regard to whether the time for filing claims may be extended at the discretion of the court while the statutory provisions providing for a default expressly grant discretion to the court.

We conclude that the doctrine of the law of the case also requires us to affirm. Accordingly, we do so for the reasons stated.

Affirmed.

STEIGMANN and LUND, JJ., concur.