**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210090-U

Order filed January 31, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| WALTER J. BRZOWSKI, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois |
| | ) | |
| v. | ) | |
| | ) | |
| BOARD OF EDUCATION LINCOLN-WAY | ) | Appeal No. 3-21-0090 |
| COMMUNITY CENTRAL HIGH SCHOOL | ) | Circuit No. 19-AR-214 |
| DISTRICT 210; ALEX PETRAKIS; LAURA | ) | |
| A. ZASADNY (f/k/a LAURA A. BRZOWSKI); | ) | |
| ANNA McDONALD SCHOOL; and | ) | |
| RYAN McWILLIAMS, | ) | Honorable |
| | ) | Theodore J. Jarz, |
| Defendants-Appellees. | ) | Judge, Presiding |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Daugherity and McDade concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Trial court did not err when it denied plaintiff's motions for default and granted defendants' motions to dismiss plaintiff's complaint that alleged he was denied access to the elementary and high school records of his now-adult children.

¶ 2     Plaintiff Walter J. Brzowski brought this multi-count complaint against defendants Laura

A. Zasadny (f/k/a Laura A. Brzowski), the Board of Education of Lincoln-Way Community

Central High School District 210, Alex Petrakis, Anna McDonald School, and Ryan McWilliams, alleging they prevented him from obtaining the school records of his two sons from his former marriage to Zasadny. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4        Brzowski and Zasadny's first son, Brandon, was born on June 16, 1997. The couple married on February 14, 1998. A second son, Eric, was born on June 6, 1999. A judgment of dissolution of their marriage was entered on May 20, 2003. Zasadny remarried in 2005 and she and her sons moved to Will County. In 2007, Zasadny obtained an order of protection against Brzowski, protecting her and her sons; the order was extended numerous times. Eric and Brandon each attended Anna McDonald School and Lincoln-Way Community Central High School between 2005 and 2017. Brandon graduated from high school in 2015 and Eric graduated in 2017. On November 29, 2017, Brzowski requested the school records for his now-adult sons from Anna McDonald and Lincoln-Way Central. Petrakis, assistant principal of the student services offices at Lincoln-Way Central, and McWilliams, principal at Anna McDonald, denied his request.

¶ 5        Brzowski filed a complaint against Lincoln-Way Central and Petrakis on March 11, 2019, and served them with a summons on March 28, 2019. They appeared on April 22, 2019, and moved for and were granted an extension of time to answer. Lincoln-Way Central and Petrakis also moved to dismiss the complaint. Brzowski filed an amended complaint on July 31, 2019, adding Zasadny, Anna McDonald School and McWilliams as defendants. Summons were issued for the new defendants the same day and served on Anna McDonald and McWilliams on August 12, 2019. Zasadny was served via substitute service on September 3, 2019. On September 4, 2019, on its own motion. the court granted Zasadny an extension of time to file her appearance and answer but did not specify a due date.

¶ 6	Brzowski filed a second amended complaint on September 25, 2019. In the complaint, he alleged the parties ignored his parental rights by denying his request for his sons' school records. In the complaint, he asserts that he first attempted to obtain his children's school records in fall 2006, late spring and fall 2008, and again in winter and spring 2009. On November 29, 2017, he made a written demand. Count I was directed at Zasadny, count II at Lincoln-Way and Petrakis, and count III at Anna McDonald School and McWilliams. He also asserted first amendment claims against the school defendants. As he has asserted in numerous prior proceedings in the trial court and in appeals to his court, Brzowski maintains his marriage to Zasadny remained valid and the orders of protection against him were null and void. In this appeal, he argues these supposed circumstances meant that he should not have been prevented from obtaining his sons' school records.

¶ 7	On October 2, 2019, Brzowski filed motions to hold the defendants in default for their failure to timely respond to his complaint. On October 3, 2019, Zasadny appeared, and on October 4, Anna McDonald and McWilliams entered an appearance. The trial court denied the motions to default "for reasons stated on the record." Brzowski appealed that denial and this court dismissed the appeal for lack of jurisdiction. See *Brzowski v. Brzowski*, No. 3-19-0699 (2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)(1)). The defendants all filed motions to dismiss the second amended complaint. The trial court dismissed the complaint with prejudice. Brzowski timely appealed.

¶ 8	II. ANALYSIS

¶ 9	On appeal, Brzowski argues the trial court erred when it failed to default the defendants and when it dismissed his second amended complaint with prejudice. He submits the defendants

3

were in default for failing to timely respond to his complaint and that his complaint sufficiently alleged violations of his rights as a father to his sons' school records.

¶ 10      We begin with Brzowski's argument that the defendants should have been defaulted. A defendant is required to appear or file an answer within 30 days after service. Ill. S. Ct. R. 101(d) (eff. Aug. 22, 2018). To calculate the 30-day period, the day of service is not included. *Id.* The 30-day period is calculated from the day the summons is left with the defendant. Ill. S. Ct. R. 181(a) (eff. Jan. 1, 2018). A party may seek an extension of the filing deadlines for good cause shown "either before or after the expiration of the time." Ill. S. Ct. R. 183 (eff. Feb. 16, 2011). Good cause is a prerequisite to relief and the party seeking the relief has the burden of establishing good cause. *Vision Point of Sale, Inc. v. Haas*, 226 Ill. 2d 334, 353 (2007). "[W]hether a defendant should be defaulted depends upon whether justice is being granted and *** this depends upon (1) the diligence or lack of diligence by the defaultee, (2) the existence of a meritorious defense, and (3) the relative hardships on the parties arising from a default or a refusal of the court to default." *Schoonover v. American Family Insurance Group*, 230 Ill. App. 3d 65, 70-71 (1992) (citing *Havana National Bank v. Satorius-Curry, Inc.*, 167 Ill. App. 3d 562, 565 (1988)). We review the trial court's denial of a motion for default for an abuse of discretion. *Walker v. Monreal*, 2017 IL App (3d) 150055, ¶ 28.

¶ 11      The trial court denied Brzowski's motions to default for "reasons stated on the record." However, Brzowski has failed to provide this court with the report of the proceeding where the court denied his default motions. It is the burden of the appellant to provide a sufficient record on review. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). In the absence of a sufficient record, we presume the trial court acted in accordance with the law and the facts. *Id.* at 392 ("Any doubts which may arise from the incompleteness of the record will be resolved against the appellant.").

4

Because Brzowski failed to carry his burden to supply a transcript where the court set forth its reasons to deny the default motions, we find there is no basis to conclude that the court abused its discretion. The trial court did not err when it denied Brzowski's motion to default the defendants.

¶ 12    We next consider whether the trial court erred when it dismissed Brzowski's second amended complaint with prejudice. We find the court did not err.

¶ 13    According to Brzowski's complaint, he first sought his sons' records in fall 2006, late spring and fall 2008, and again in winter and spring 2009. His complaint regarding these efforts is untimely. The statute of limitations for a tort action is two years. 735 ILCS 5/13-202 (West 2020). The limitations period for a claim against a government entity is one year. 745 ILCS 10/8-101(a) (West 2020). The general statute of limitations is five years. 735 ILCS 5/13-205 (West 2020). Thus, under any of the limitations periods, Brzowski's claim based on these efforts is barred.

¶ 14    The complaint also states that Brzowski made a written demand for the records in November 2017. At that time, because both Eric and Brandon were no longer minors, Brzowski had no statutory right to his sons' school records. See 105 ILCS 10/2(g) (West 2020) ("All rights and privileges accorded to a parent under this Act shall become exclusively those of the student upon his 18th birthday [or] graduation from secondary school, *** whichever occurs first."). Brandon was born June 16, 1997, and was 20 years old when Brzowski sought his school records. Eric was born June 6, 1999, and was 18 years old when Brzowski sought his school records. Accordingly, Brzowski had no right to the records. The school defendants properly denied his requests and the trial court properly granted dismissal of his complaint.

¶ 15    As to Brzowski's other claims regarding the validity of the judgment of dissolution of his marriage to Zasadny and the orders of protection entered against him, these issues have been previously reviewed and resolved by this court. Accordingly, we do not consider them anew. See

5

*Brzowski v. Brzowski*, 2014 IL App (3d) 130404, ¶ 16 (law-of-the-case doctrine precludes a party from relitigating a question of law or fact that has already been determined in the same case and *res judicata* bars a party from asserting claims that were actually decided or could have been decided by the court after a final judgment on the merits).

¶ 16                                    III. CONCLUSION

¶ 17          For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 18          Affirmed.